IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEFINA BIELE, on behalf of herself and all other similarly situated employees, | : |
| Plaintiffs, | : CIVIL ACTION NO.: 3:22-cv-343 |
| v. | : JUDGE: |
| CAREGIVERS FOR INDEPENDENCE, LLC, | : |
| Defendant. | : |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Josefina Biele ("Plaintiff"), on behalf of herself and all current and former non-exempt employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Caregivers for Independence, LLC ("Defendant") at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 203, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiff and the Putative Class Members seek all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and O.R.C. § 2307.60.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her additional state-law claims are asserted as a class action under Fed. R. Civ. P. 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I. INTRODUCTION

1. Plaintiff and the Putative Class Members seek to recover unpaid overtime wages and liquidated damages that Defendant owes to them and has failed to pay, in violation of 29 U.S.C. § 207 of the FLSA and the Ohio Acts.

2. Accordingly, Plaintiff brings this action, on behalf of herself and all current and former non-exempt employees who worked for Defendant at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover unpaid overtime wages and related damages.

3. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

4. Plaintiff also prays that the Collective Action is certified pursuant to Section 216(b) of the FLSA and the Ohio claims pursuant to Fed. R. Civ. P. 23.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

7. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is within Butler County, Ohio.

## III. THE PARTIES

8. Plaintiff Josefina Biele is an adult resident of Kissimmee, Florida residing at 1631 Roxbury Road, Kissimmee, Florida 34758 (Osceola County) and a former Home Manager while employed by Defendant. Plaintiff Biele has given her written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Plaintiff Biele's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

9. The Putative Class Members are those current and former employees employed by Defendant as Home Managers at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

10. Defendant Caregivers for Independence, LLC ("Defendant") is a domestic for-profit limited liability company registered in the State of Ohio and is currently headquartered at 2121 Hamilton Middletown Road, Hamilton, Ohio 45011 (Butler County). Process may be served upon its registered agent, James E. Couch at 10 Sunnybrook Court, Hamilton, Ohio 45013.

## IV. STATEMENT OF FACTS

11. During all times material to this complaint, Defendant acted directly or indirectly, in the interest of an employer with respect to the Plaintiff and the Putative Class Members.

12. During all times material to this complaint, Defendant was an "employer" within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

13. During all times material to this complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,

and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. During all times material to this complaint, Plaintiff and the Putative Class Members have been Defendant's employees pursuant the Ohio Constitution and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15. On approximately November 8, 2021, Defendant hired the Plaintiff to work as a "Home Manager."

16. As a Home Manager, Plaintiff's and the Putative Class Members' primary job duties consisted of staying overnight at their assigned clients' homes where they would buy and prepare food, manage the clients' funds, dress and bathe the clients, drive the clients to their various appointments, and perform light housework.

17. Home Managers are assigned to provide care for elderly, ill, injured, or disabled individuals who require assistance in caring for themselves.

18. Indeed, the home in which Plaintiff was assigned to work as a Home Manager consisted of two (2) clients who lived together—one was born in approximately 1935 and the other was born in approximately 1946.

19. Plaintiff and the Putative Class Members performed the above-mentioned job duties for well beyond twenty-percent (20%) of the total hours they each worked in their respective workweeks.

20. Plaintiff and the Putative Class Members often, if not always worked approximately one hundred (100) hours per week while employed by Defendant.

21. Plaintiff and the Putative Class Members were misclassified as FLSA exempt employees and, therefore, were not paid at one-and-a-half their respective regular rates for all hours worked beyond forty (40) in a workweek.

22. Instead, Plaintiff and the Putative Class Members were paid by Defendant on a salary basis and would not have their hours worked in a workweek beyond forty (40) paid at one-hundred and fifty percent (150%) of their regular rate.

23. Defendant also paid Home Managers non-discretionary performance-based bonuses.

24. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not applicable to Plaintiff and the Putative Class Members, includes "all remuneration for employment paid to, or on behalf of, the employee." 29 C.F.R. § 778.108.

25. Because Defendant's misclassified Plaintiff and the Putative Class Members as FLSA exempt employees, Defendant failed to incorporate these non-discretionary performance-based bonuses into Plaintiff's and the Putative Class Members' regular rate for the purpose of calculating their overtime premium compensation for weeks in which Plaintiff and the Putative Class Members worked in excess of forty (40) hours.

26. Indeed, it is Defendant—and not Defendant's clients—that employs Plaintiff and the Putative Class Members to provide private caregiving services to individuals that retain Defendant's services. As Home Managers, Plaintiff's and the Putative Class Members' primary job duties were to stay overnight at their assigned clients' homes where they would buy and prepare food, manage the clients' funds, dress and bathe the clients, drive the clients to their various appointments, and perform light housework.

27. Plaintiff and the Putative Class Members shifts were regularly scheduled at varying times throughout the day depending on the needs of any of Defendant's various clients.

28. Under the conditions of Plaintiff's and the Putative Class Members' employment relationship with Defendant, the services rendered by Plaintiff and the Putative Class Members were and are an integral part of the Defendant's business; Defendant maintained and still maintains

control of Plaintiff's and the Putative Class Members' pay and schedule; Plaintiff's and the Putative Class Members' opportunities for profit and loss were and are solely within the control of Defendant when performing integral and indispensable tasks for Defendant's benefit; and Plaintiff's and the Putative Class Members' job duties and performance when working for Defendant required and still requires little to no amount of initiative, judgment, or foresight in open market competition with others required for Plaintiff's and the Putative Class Members' success.

29. At no time during Plaintiff's and the Putative Class Members' time spent working for Defendant were Plaintiff and the Putative Class Members compensated at one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

30. Instead, for all hours worked over forty (40) in a workweek by Plaintiff and the Putative Class Members, Defendant only compensated Plaintiff and the Putative Class Members at their regular rate of pay rather than the statutorily mandated rate of one-and-one half times their regular rate of pay.

31. As Home Managers, Plaintiff and the Putative Class Members were hourly, non-exempt employees of Defendant.

32. Defendant, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtimes wages with respect to the Plaintiff and the Putative Class Members in this action.

V. **CAUSES OF ACTION**

**COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS**

A. FLSA COVERAGE

33. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

34. The FLSA Collective is defined as:

**All Home Managers who have been employed by Caregivers for Independence, LLC, at any time within the period of three (3) years from [three years preceding the conditional certification of this action] through the date of judgment ("FLSA Collective" or "FLSA Collective Members").**

35. Plaintiff reserves the right to amend and refine the definition of the class she seeks to represent based upon further investigation and discovery.

36. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

37. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

38. During the respective periods of Plaintiff's and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

39. In performing the operations hereinabove described Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

40. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

41. Indeed, Plaintiff and the FLSA Collective Members are (or were) employed solely by Defendant—and not Defendant's clients—when providing private duty caregiving services to clients who retained Defendant's services. 29 C.F.R. § 552.109(a).

42. Plaintiff and the FLSA Collective members also are (or were) employed by Defendant while providing care to Defendant's clients for beyond twenty percent (20%) of their total hours worked per person and per workweek, meaning they assisted the client with activities of daily living as well as with tasks that enable a person to live independently at home (instrumental activities).

43. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

44. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined above.

45. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

46. Collective action treatment of Plaintiff's and the FLSA Collective Members' claims is appropriate because Plaintiff and the FLSA Collective Members have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages and statutory minimum wages.

47. Further, Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Putative FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

48. The Plaintiff and the FLSA Collective Members have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

49. Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

50. Plaintiff intends to send notice to all the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendant's records.

## CLASS ACTION ALLEGATIONS

51. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

52. Plaintiff brings her Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All Home Managers who have been employed by Caregivers for Independence, LLC, at any time within the period of two (2) years preceding the commencement of this action through the date of judgment ("FLSA Collective" or "FLSA Collective Members").**

53. Class action treatment of Plaintiff's Ohio Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure's 23 class action requisites are satisfied.

54. The Ohio Acts Class (hereinafter "Ohio Acts Class Members" or "Ohio Acts Class"), upon information and belief, includes over 25 individuals, who are current or former employees within the last two years, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

55. Plaintiff is a member of the Ohio Acts Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

56. Plaintiff and Plaintiff's counsel will fairly and adequately represent the class members and their interests.

57. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

58. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA")
## FAILURE TO PAY OVERTIME WAGES

59. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

60. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was and is the employer of the Plaintiff and FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

61. During the time period from approximately three (3) years preceding the commencement of this action to the present, Plaintiff and the FLSA Collective Members were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

62. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant employed Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

63. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer subject to the FLSA.

64. During all times material to this Complaint, Plaintiff and the FLSA Collective Members have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

65. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff and the FLSA Collective Members at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

66. Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

67. At all times material to this Complaint, Defendant employed Plaintiff and the FLSA Collective Members to work as Home Managers in furtherance of its business.

68. At all times material to this Complaint, Defendant regularly employed Plaintiff and the FLSA Collective Members to work more than forty (40) hours in a workweek.

69. At all times material to this Complaint, Plaintiff and the FLSA Collective Members did not receive one and one-half times their regular rate for any hours they worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

70. At all times material to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff and the FLSA Collective Members the legally mandated overtime premium rate at no less than one and one-half Plaintiff's and the FLSA Collective Members' regular pay rate for all hours worked in excess of forty (40) in a workweek.

71. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

72. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

## COUNT II
## OHIO WAGE ACT
## FAILURE TO PAY OVERTIME WAGES

73. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

74. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

75. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

76. At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and thus has been required to comply with its mandates.

77. At all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

78. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

79. Indeed, at all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

80. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Plaintiff and the Ohio Acts Class Members the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's and the Ohio Acts Class Members' regular pay rate for all hours worked in excess of forty (40) in one workweek.

81. Plaintiff and the Ohio Acts Class Members are not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff and the Ohio Acts Class Members were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

82. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

83. Plaintiff and the Ohio Acts Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which the Plaintiff and the Putative Class Members have suffered and continue to suffer damages.

### COUNT III
### OHIO PROMPT PAY ACT-
### FAILURE TO PROMPTLY PAY WAGES

84. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

85. At all times relevant to this Complaint, Defendant was Plaintiff's and the Ohio Acts Class Members' "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

86. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

87. At all times material to this Complaint, Defendant has refused to pay Plaintiff and the Ohio Acts Class Members all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

88. Plaintiff and the Ohio Acts Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT VI
### CIVIL PENALTIES FOR CRIMINAL ACTS
### O.R.C. § 2307.60

90. Plaintiff re-alleges, and incorporate by reference, the allegations set forth in the preceding paragraphs.

91. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

92. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the FLSA Collective members have been injured as a result.

93. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

94. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A.  For an Order certifying the FLSA Collective as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B.  For an Order certifying the Ohio Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C.  Designating Plaintiff as representative for the Class and Collective and designating Plaintiff's counsel as counsel for the Class and Collective;

D.  Issuing proper notice to the class at Defendant's expense;

E.  Expectation and damages for all missed payments taken from or applied to Plaintiff's and the Putative Class Members' pay;

F.  An order awarding Plaintiff, the FLSA Collective Members, and the Ohio Acts Class back pay equal to the amount of all unpaid overtime pay for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

G.  An order awarding Plaintiff and the Putative Class Members back pay equal to the amount of all unpaid minimum wages and treble damages

H.  Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff and the Ohio Class Members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

I. Awarding Plaintiff and the Ohio Class Members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

J. An order enjoining Defendant from retaliating, via discrimination, against Plaintiff, the FLSA Collective Members, and the Ohio Class Members for their engaging in the protected action of complaining about pay practices.

K. Compensatory and punitive damages under O.R.C. § 2307.60;

L. Pre-judgment and post-judgment interest;

M. An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

N. Any other relief to which the Plaintiff, the FLSA Collective Members, and the Ohio Class Members may be entitled.

Dated: November 28, 2022                                   Respectfully Submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Counsel for Plaintiffs*